39 F.3d 1186
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eugene F. BEVACQUA, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-35236.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 2, 1994.
Decided Oct. 27, 1994.
 
 Before: WRIGHT, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Because it is not as intrusive as a strip search or body cavity search, a pat-down search is considered a routine border search requiring no justification. See United States v. Ramos-Saenz, No. 93-50759, slip op. 12629, 12633-34 (9th Cir. Oct. 14, 1994). The pat-down search here was therefore not a "negligent or wrongful act" in itself, nor did Barnhart use excessive force or deviate from standard customs procedure in performing it. Mem. op. 7-8. If a government employee has not committed a "negligent or wrongful act," there is no liability under the Federal Tort Claims Act. 28 U.S.C. Sec. 1346(b); Laird v. Nelms, 406 U.S. 797, 799 (1972). That being said, we note that the conduct alleged here--customs agents making life unpleasant for railroad personnel in retaliation for failing to repair a noisy train valve--is abusive. Our ruling that it is not tortious should not be read as condoning in any way such conduct on the part of government employees.
 
 
 3
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3